UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CENTER FOR WILDLIFE ETHICS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:18-CV-00335-PPS-MGG |
| CAMERON F. CLARK in his Official Capacity as the Director of the Indiana Department of Natural Resources, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

The Center for Wildlife Ethics, an Indiana-based environmental public interest group, has sued Cameron Clark, the Director of the Indiana Department of Natural Resources claiming that an Indiana law allowing for rifle hunting of deer on public property and its associated regulations violate Indiana law. The Center filed this lawsuit in the LaPorte County Circuit Court and after amending its complaint to reflect changes in the law at issue, Clark removed this case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, claiming that federal question jurisdiction exists over this controversy because of a few references to the federal constitution in the amended complaint. [DE 1.] The Center seeks remand to state court on the basis a lack of federal subject matter jurisdiction, and it seeks attorneys fees to boot. [DE 18.] Because the Center's claims involve questions of Indiana state law and have no actual federal interest or question at stake, there is no basis for federal jurisdiction. Consequently I will remand this case.

**Background**

The gist of the complaint focuses on a section of Indiana's Natural Resources Code, § 14-22-2-8, which permits deer hunting with a rifle on private property under certain circumstances

and further allows the DNR to adopt rules to allow for deer hunting with a rifle on public property. [DE 1-2, Am. Compl. At 3.] Specifically, the Center claims that the phrase "public property" is impermissibly broad and that Clark and the DNR's interpretation and regulations implementing this statute, and the emergency rule process utilized to promulgate the regulations, are contrary to law. *Id.* at 4-5, 14. The Center seeks a declaratory judgment and injunctive relief to halt operation of the DNR's regulations allowing for rifle hunting of deer on public property in Indiana. *Id.* at 15-16.

In his notice of removal, Clark states that federal jurisdiction exists because "Plaintiff alleges violation of due process of law under U.S. Const. amend. XIV, Sec. 1." [DE 1 at 2, ¶ 7.] He states that "[t]his case may be removed because the claims against the Defendant falls within the original jurisdiction of this Court founded on a claim or right arising under the Constitution, treaties, or laws of the United States." *Id.* Clark directs me to six specific references to the U.S. Constitution (and the Indiana constitution) and six non-specific references to the term "constitutional" in various permutations within the complaint. *See e.g.*, Complaint at 7. Clark argues that these references are sufficient to create federal questions an essential part of the Center's lawsuit and thus grant me jurisdiction over the case.

## Discussion

Let's start with the basic foundational principles which guide any discussion as to whether removal is proper when a defendant asserts that a plaintiff's complaint presents a federal question. First, "the federal question must be an essential element of the plaintiff's complaint to provide grounds for removal." *People of State of Ill. v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 575 (7th Cir. 1982) (citing *Phillips Petroleum Co. v. Texaco Inc.,* 415 U.S. 125, 127 (1974)). Second, "it is the plaintiff's complaint that determines whether federal-question jurisdiction

exists, for '[i]t is long-settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.'" *Perl v. Laux/Arnold, Inc.*, 864 F. Supp. 2d 731, 736 (N.D. Ind. 2012) (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987)). Third, it is the defendant's burden, as the party seeking removal, to show that subject matter jurisdiction exists. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Finally, given that federal courts are courts of limited jurisdiction, "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000) (citation omitted). Consideration of each of these principles, as well as analogous case law concerning complaints which focused violations of state law but likewise made references to the U.S. Constitution, weigh in favor of remanding this case.

The parties do not dispute the gist of the case, namely whether or not the Indiana statute authorizing the DNR to promulgate rules concerning rifle hunting of deer on "public property" is impermissibly vague, and whether the DNR's actual regulations are an improper delegation of regulatory authority and/or procedurally improper. But where they diverge is under what metric they are to be judged. Clark posits that the Center's complaint seeks to have the statute and rule declared unconstitutional under the Fourteenth Amendment's guarantee of due process, thus raising a federal question over which this court could have jurisdiction. The Center counters that instead, the case is about whether or not Clark and the DNR have statutory authority (under Indiana law) "to transfer or delegate the agency's stewardship and management duties to private hunting licensees/inters or private actors on any state park and historic site property." [DE 1-2 Am. Compl. at 15.] The Center also challenges the "emergency rule process" used by Clark to

implement the regulations as contrary to Indiana statute and further argues this process likewise violates "due process as guaranteed by the state and federal constitutions." *Id.* at 16.

So the question is whether the somewhat haphazard references to the U.S. Constitution in the Center's complaint, without more, give rise a claim over which this court has original jurisdiction and thus within my subject matter jurisdiction? When faced with similar questions, district courts both inside and outside this circuit have answered this question in the negative, finding any potential federal question non-essential and thus an insufficient basis to confer federal jurisdiction. For example, in *Greenberg v. Omnicom Cablevision of Illinois, Inc.*, the court remanded to state court where the complaint's "reference to the Fourteenth Amendment to the United States Constitution appears to be an afterthought." No. 85 C 2276, 1985 WL 1351, at *1 (N.D. Ill. May 10, 1985). And like in *Greenberg*, the reference to the U.S. Constitution in the Center's complaint "appears back-to-back with a reference to the due process clause" of the relevant state constitution. *Id.* Other courts have similarly ruled that where a plaintiff seeks to invalidate a state regulatory decision, mere references to due process are not sufficient to confer federal jurisdiction. *Fields v. D.C.*, 155 F. Supp. 3d 9, 10 (D.D.C. 2016) ("Aside from a few stray references to her "substantive and due process rights," Plaintiff does not mention or allude to the Fifth or Fourteenth Amendments anywhere in her Complaint, nor does she mention or allude to the United States Constitution or to any other law or regulation that would confer upon this court federal question jurisdiction.") (remanding where plaintiff asserted she was only seeking relief pursuant to the District of Columbia's Administrative Procedures Act); *see also Stein v. Am. Exp. Travel Related Servs.*, 813 F. Supp. 2d 69, 72–73 (D.D.C. 2011) ("The central issue in Plaintiffs' Complaint is whether the actions they allege are deceptive constitute a violation of the [District of Columbia law]—not whether they constitute a violation of the Fourth

Amendment. Federal question jurisdiction does not exist simply because principles of federal law may be considered when determining if and whether defendants violated [District of Columbia law]"). The reasoning of these cases is persuasive to the case before me.

*Peterson Park Assocs. v. Lyne*, No. 92 C 2152, 1992 WL 82387 (N.D. Ill. Apr. 20, 1992) is another analogous and instructive case. There, the plaintiff filed a complaint for declaratory relief against the City of Chicago, claiming that a city ordinance violated an Illinois state statute and seeking an injunction to prevent enforcement. 1992 WL 82387, at *2. That is similar to the Center's claims in its amended complaint, which seek a declaration that Clark has acted beyond his statutory authority in promulgating the rifle hunting on public property regulation. Like in *Peterson Park Assocs.*, "the federal Due Process claim" referenced in the complaint here "is merely tangential to [plaintiff's] primary contention that the [DNR's rule] does not comply with the State Act, and that the Due Process issue was raised only as one example of the many ways in which the [DNR's rule] fails to comply with the State Act." *Id.* There is thus, like in *Peterson Park Assocs.*, an insufficient basis to invoke federal jurisdiction in this case.

Importantly, in *Peterson Park Assocs.*, after the defendant removed, the plaintiff sought leave to withdraw the references to the Fourteenth Amendment within its complaint, which the court granted as part of its ruling in favor of remand to state court. *Id.* at *3. While the Center has not similarly moved to strike the seemingly superfluous references to the U.S. Constitution in its amended complaint, it has made clear that its claims "arise from Indiana state law alone." [DE 19 at 2.] Furthermore, the Center disclaims any potential federal questions by representing that "[t]he Amended Complaint does not allege any violations of the federal constitution or federal law." *Id.* at 8. These are judicial admissions that will bind the Center once the case is sent

back to state court. Should the Center attempt to do a bait and switch and start making federal constitutional claims back in state court, then Clark can re-remove the case at that time.

In sum, given the fact that the stray references to the U.S. Constitution in the amended complaint are brief and are obviously not the thrust of this case, and given the Center's representations confirming that fact, it is clear that this case is not one which would invoke the original jurisdiction of this court. The case must therefore be remanded. *Fields*, 155 F. Supp.3d at 11 ("[T]he plaintiff is 'master of the claim' and may rely exclusively on state law to avoid federal question jurisdiction") (citation omitted); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule ... a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].' " (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

The final issue to address is the Center's request for fees and costs associated with defendant Clark's removal. The removal statute authorizes costs and fees associated with removal that is subsequently remanded to state court. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The Supreme Court has held, however, that fees and costs may only be awarded where the removing party lacked an "objectively reasonable basis" for removing to federal court. *Martin v. Franklin Capital*, 546 U.S. 132, 141 (2005). "If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious." *Id.* at 140. In order to determine whether or not removal was objectively reasonable, the Seventh Circuit has directed me to analogize the situation to a qualified immunity determination and to determine whether clearly established law shows that removal was improper. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) ("[I]f, at the time the

defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.").

In support of its request for costs and fees, the Center directs me primarily to several decisions by the Seventh Circuit, but none of them address a similar issue to the one presented here, namely whether or not a handful of references to the federal constitution in a declaratory judgment and injunctive relief case which does not specifically claim violations of those provisions presents an objectively reasonable basis to remove. Nor has my research found any such controlling precedent.

Instead, the Center focuses on what it deems to be Clark's bad faith or improper purpose in seeking removal, claiming that the Seventh Circuit's recent opinion in *Collier v. SP Plus Corp.*, 889 F.3d 894 (7th Cir. 2018) "resonates with volume" to the situation before me. [DE 19 at 19.] I agree with the Center that *Collier* informs my decision on this issue, but not for the reasons the Center suggests. As an initial matter, alleged bad faith, standing alone, is not the standard when determining whether or not fees are appropriate; whether the basis for removal lacked an objectively reasonable basis is. *Lott*, 492 F.3d at 793. Furthermore, in *Collier*, the Seventh Circuit vacated a district court's dismissal with prejudice and instructed the lower court to instead remand the case to state court in a putative class action alleging violations of a federal statute. 889 F.3d at 895. After the case was filed in state court, the defendant removed and one week later filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing because while plaintiffs alleged a violation of a federal statute, they did not allege any injury in fact. *Id.* The district court denied the motion to remand because

plaintiffs had alleged a violation of a federal statute but then dismissed the case for lack of Article III standing. The Court of Appeals held this to be improper because absent Article III standing, there could be no subject matter jurisdiction and thus no basis for the case to have been removed. *Id.* at 897 ("§ 1447(c) required the district court to remand this case to state court, because it does not satisfy Article III's requirements."). *Collier* decidedly does not say anything about whether or not errant references to the U.S. Constitution within a complaint, absent more, can be an objectively reasonable basis to remove to federal court. And as noted above, the Center has not offered any controlling case law which would make Clark's removal objectively unreasonable, even if it was ultimately without merit and has potentially served to delay resolution of this case in the proper forum.

Finally, it is hard to ignore the fact that it was the Center that created the problem that I have now grappled with by making gratuitous references to the U.S. Constitution in its complaint which prompted the removal by Clark and then telling me to ignore those very references — a sort of "never mind" — in its motion to remand. Under these circumstances, it would be an odd result indeed to award attorney fees or costs.

**Conclusion**

For the foregoing reasons, the Motion for Immediate Remand and Reimbursement for Costs and Fees [DE 18] is GRANTED in part and DENIED in part. The Clerk is directed to REMAND this case to the LaPorte County Superior Court from which it was removed. Neither party shall be awarded fees or costs associated with the removal.

SO ORDERED on July 12, 2018.

                                                  /s/ Philip P. Simon
                                                  PHILIP P. SIMON, JUDGE
                                                  UNITED STATES DISTRICT COURT